Jon H. Weiner, OSB #993944

jweiner@nw-attorneys.com

1415 Commercial St. SE

Salem, OR 97302

Tel: (503) 399-7001

Fax: (503) 399-0745

Of Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Eugene Division

DARREL LAXTON,

                                                    Case No.

                    Plaintiffs,                     **COMPLAINT**

          v.

                                                    **Claims for violations of Overtime
                                                    Compensation, Minimum
REED'S PAINTING INC.; MIKE MOSE, an                 Wage provisions, and Related
Individual; & MARY BETH REED, an individual,        Retaliation of the Fair Labor
                                                    Standards Act (FLSA), 29 U.S.C.
                                                    §§ 206, 207, 216(b), et seq.; Claims
                    Defendants.                     for violations of State law
                                                    Overtime, Minimum Wage
_____             Provisions, and Related
                                                    Retaliation; State law Claim for
                                                    Unpaid Wages due and Owing
                                                    Upon Termination of
                                                    Employment, ORS 652.140, ORS
                                                    652.150, ORS 652.200, ORS
                                                    653.025, ORS 653.055, ORS
                                                    653.060, ORS 653.261, 659A.855 et
                                                    seq.;**

                                                    **(Demand for Jury Trial)**

Page **1** of **13** – Complaint

Plaintiff alleges:

## PRELIMINARY STATEMENT

1.

Plaintiff Darrel Laxton (hereinafter referred to as "Plaintiff") asserts claims for wage and hour violations, including overtime compensation violations and related retaliation, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, 216(b), et seq. Plaintiff also asserts claims for wage and hour violations, including overtime compensation and related retaliation, and failure to timely pay wages due and owing upon termination of employment violations, under state law, ORS 652.140, ORS 652.150, ORS 653.261, 653.060 et al. Plaintiff demands a jury trial. The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

/ /

/ /

Page **2** of **13** – Complaint

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Linn County, Oregon. Plaintiff is a resident of Albany, Oregon. Defendant Reed's Painting, Inc. (hereinafter "Reed's Painting") is an Oregon Domestic Business Corporation with its principal place of business located in Linn County, Oregon.

4.

At all times relevant, Reed's Painting employed plaintiff at its principal location in Scio, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Linn County.

## FACTUAL ALLEGATIONS

5.

During the term of plaintiff's employment with Reed's Painting all of his work was subject to the requirements of the FLSA and Oregon's state wage and hours laws. Plaintiff was engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods (e.g. – painting materials manufactured throughout the United States) moving in interstate commerce. Upon information and belief, Reed's Painting enjoyed a gross income exceeding $500,000 and was an enterprise engaged in commerce.

6.

Mary Beth Reed (hereinafter referred to as "Reed") is an owner of Reed's Painting. Upon information and belief, Reed possesses a controlling interest in, and exercises shared operational

Page **3** of **13** – Complaint

control over all aspects of that entity. Upon information and belief, she is responsible for, and has ultimate decision-making authority over, the processing of payroll, payroll policy and practices, scheduling, and all other personnel matters (including hiring and firing). Reed was plaintiff's employer for purposes of the FLSA.

7.

Mike Mose (hereinafter referred to as "Mose"), is the son of Reed, and provided monetary assistance in the purchase of Reed's Painting. Upon information and belief, Mose exercises shared operational control over all aspects of that entity. Upon information and belief, he is responsible for, and has ultimate decision-making authority over, the processing of payroll, payroll policy and practices, scheduling, and all other personnel matters (including hiring and firing). Mose was plaintiff's employer for purposes of the FLSA.

8.

Reed Painting is engaged in the retail painting business. Plaintiff was hired by Reed Painting as a painter in 2014. Plaintiff was paid $14 per hour for the first month he was hired, and received a dollar raise for each of the next two months. Thereafter, his pay remained stable at $16 per hour, until his termination on October 4, 2016.

9.

Reed Painting required plaintiff to attend an hour long mandatory meeting five to six times per week from 6:00 AM to 7:00 AM during the term of his employment. These meetings were held for the sole benefit of Reed Painting. Plaintiff was not compensated for this time.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

10.

Reed Painting required all employees to travel to their work sites in a company truck.  At the end of each day, Reed Painting required all employees to clock-out at 3:30 PM.  After clocking-out, plaintiff would load up Reed Painting's truck, return to Reed Painting's place of business, unload the truck, wash brushes and clean the equipment used that day.  Similar to the morning meetings, this work went uncompensated and resulted in approximately 2 hours of unpaid labor per day.

11.

When added to the hours for which plaintiff was compensated, these two practices sometimes resulted in plaintiff working more than forty hours in a given workweek.

12.

On October 3, 2016, plaintiff demanded that he be paid the above-described unpaid minimum and overtime wages he had earned for the past three years.  Plaintiff indicated that he was legally entitled to these wages and would file an administrative wage complaint if he did not receive them.  Plaintiff initially spoke with Reed, who then spoke with her son, Mose regarding plaintiff's complaint.  Both agreed that plaintiff needed to be fired because of his threat.

13.

On October 4, 2016, Reed Painting held a companywide meeting and required all employees to sign a document stating that the scheduling policies had changed.  The document stated that employees no longer had to attend the morning meeting, and that instead of leaving the job site at 3:30 employees were to be back at Reed Painting's place of business at 3:30 to clock-out. Directly after the meeting on October 4, 2016, Reed Painting terminated plaintiff's employment.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

14.

Prior to filing suit, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries regarding the unpaid wages described herein. Defendant responded to the complaint with a position statement. On February 15, 2017, the Oregon Bureau of Labor and Industries sent a letter to plaintiff indicating it had found substantial evidence to support plaintiff's discrimination/retaliation allegations. Plaintiff's initial complaint, as well as the subsequent notices tendered to Reed Painting, constituted a demand for unpaid wages under ORS 652.140 and ORS 652.150. Plaintiff has not received his unpaid wages.

**FIRST CLAIM – VIOLATIONS OF FLSA**

**Plaintiff against defendants Mike Mose, Mary Beth Reed & Reed's Painting, Inc.**

**(Count 1 - Failure to Pay Overtime Compensation)**

15.

Plaintiff incorporates and realleges paragraphs 1 through 14 by this reference. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendants willfully violated these provisions when they failed to compensate plaintiff at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours per workweek.

16.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

### (Count 2 - Failure to Pay Minimum Wages)

17.

Plaintiff incorporates and realleges paragraphs 1 through 16 by this reference.  Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than" $7.25 per hour effective 2009.  Defendants willfully violated this provision when they failed to pay plaintiff at least minimum wages for all hours worked.

18.

Pursuant to 29 U.S.C. § 206, plaintiff is entitled to compensation for his unpaid minimum wages, in an amount to be determined at trial.  Pursuant to 29 USC § 216(b), plaintiff is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

### (Count 3 – Related Retaliation)

19.

Plaintiff incorporates and realleges paragraphs 1 through 18 by this reference.  Pursuant to 29 USC 215(a), "It shall be unlawful for any person (3) to discharge or in any other manner

Page **7** of **13** – Complaint

discriminate against any employee because such employee has filed any complaint or instituted

or caused to be instituted any proceeding under or related to this chapter, or has testified or is

about to testify in any such proceeding, or has served or is about to serve on an industry

committee." Defendants willfully violated this provision when they discharged plaintiff in

retaliation for his FLSA – protected activity.

20.

Pursuant to 29 USC § 216(b), plaintiff is entitled to his lost wages, liquidated damages

and compensatory damages, in addition to reasonable attorney fees and costs, each in an amount

to be determined at trial.

**SECOND CLAIM – STATE WAGE AND HOUR VIOLATIONS**
**Plaintiff against defendant Reed's Painting Inc.**
**(Count 1 - Failure to Pay Overtime Compensation)**

21.

Plaintiff incorporates and realleges paragraphs 1 through 20 by this reference. Pursuant

to ORS 653.055: "Any employer who pays an employee less than the wages to which the

employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For

the full amount of the wages, less any amount actually paid to the employee by the employer;

and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.261 and OAR 839-

020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate

of not less than one and one-half times the regular rate of pay when computed without benefits of

commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)."

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Defendant Reed's Painting, Inc. willfully violated these provisions when it failed to compensate plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

22.

Pursuant to ORS 653.261 and OAR 839-020-0030, plaintiff is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to his reasonable attorney fees and costs.

**(Count 2 - Failure to Pay Minimum Wages)**

23.

Plaintiff incorporates and realleges paragraphs 1 through 22 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003, a rate adjusted for inflation." Oregon minimum wage in 2015 was at the rate of $9.25 per hour, and beginning July 1, 2016, increased to the rate of $9.75 per hour.

24.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Pursuant to ORS 653.025 and 653.055, plaintiff is entitled to compensation for unpaid minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055(4) and ORS 652.220, he is also entitled to his reasonable attorney fees and costs.

### (Count 3 – Related Retaliation)

25.

Plaintiff incorporates and realleges paragraphs 1 through 24 by this reference. Pursuant to ORS 653.060, "An employer may not discharge or in any other manner discriminate against an employee because . . . The employee has made a complaint that the employee has not been paid wages in accordance with ORS 653.010 to 653.261." Defendant Reed's Painting Inc violated these statutes when it retaliated against plaintiff due to his complaint regarding practices he reasonably and in good faith believed to be in violation of state and federal laws, and discharged him on that basis.

26.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

### <u>THIRD CLAIM – VIOLATION OF ORS 652.140</u>
### <u>Plaintiff against defendant Reed's Painting, Inc.</u>
**(Failure to Pay Wages Upon Termination of Employment)**

27.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Plaintiff incorporates and realleges paragraphs 1 through 26 by this reference. Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

28.

At the time of the termination of his employment with Reed's Painting, plaintiff was owed unpaid overtime and minimum wage compensation under the FLSA and the Oregon wage-and-hour laws referenced herein. That compensation was not timely paid upon termination of his employment as required under ORS 652.140 and ORS 652.150.

29.

Pursuant to ORS 652.140 and ORS 652.150, plaintiff is entitled to payment of unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial. Pursuant to ORS 652.200, plaintiff is also entitled to his reasonable costs and attorney fees.

WHEREFORE, Plaintiff demands the following for his claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief – Plaintiff against defendants Mike Mose; Mary Beth Reed; and Reed's Painting, Inc.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

A. Count 1 - Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

B. Count 2 – Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

C. Count 3 – Lost wages, liquidated damages and compensatory damages, each in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

2. Second Claim for Relief – Plaintiff against defendant Reed's Painting, Inc.

A. Count 1 – Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

B. Count 2 – Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

C. Count 3 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, in addition to reasonable attorney fees incurred in this matter pursuant to ORS 659A.885.

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

5. Third Claim for Relief – Plaintiff against defendant Reed's Painting, Inc.

   A. Unpaid wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs, pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

DATED this 15th day of May, 2017.

*/s/ Jon Weiner*
Jon Weiner, OSB #993944
jweiner@nw-attorneys.com
1415 Commercial Street SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiffs

**JON H. WEINER,** Attorney at Law
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745